**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04931-NYW

JANE JUAREZ MEDAL,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

**BACKGROUND**

Petitioner Jane Juarez Medal ("Petitioner") is a citizen of Nicaragua who entered the United States on or about March 23, 2024. [Doc. 1 at ¶ 34]. On September 24, 2026, Petitioner was arrested by ICE without a warrant. [*Id.* at ¶¶ 35, 39]. Petitioner remains detained at the Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶ 1].

Petitioner asserts three claims for relief: (1) a claim alleging a violation of due process based on the warrantless arrest, [*id.* at ¶¶ 42–54]; (2) a claim alleging a violation of due process based on Respondents' failure to provide a bond hearing, [*id.* at ¶¶ 55–88]; and (3) a claim alleging unconstitutional conditions of confinement, [*id.* at 19–21

¶¶ 1–10]. Respondents filed a Response to the Petition stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 5 at 1–2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner asserts that their[1] detention is governed by 8 U.S.C. § 1226(a), *see* [Doc. 1 at ¶ 23], and Respondents do not contest this assertion, *see* [Doc. 5]. Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a

[1] Petitioner uses they/them throughout the Petition and the Court follows suit.

warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026).

Without a warrant, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[2] Once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before this Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Petitioner was arrested without a warrant. [Doc. 1 at ¶¶ 8, 39, 45]. Respondents do not challenge this assertion or address this issue at all in their Response. *See* [Doc. 5]. Nor do Respondents provide the Court with any arrest warrant or make any argument

[2] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

that Petitioner's arrest without a warrant was proper under § 1357(a). They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. §§ 1226(a) and 1357(a) when arresting and detaining Petitioner. The Petition is therefore respectfully **GRANTED in part** with respect to Petitioner's first claim, and the Court need not address Petitioner's remaining claims. Respondents **SHALL RELEASE** Petitioner with **48 hours of the entry of this Order**. *See Quezada-Estrada*, 2026 WL 1361880, at *6 ("Release is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" (quoting *Ahmed M.*, 2026 WL 25627, at *3)); *see also* [Doc. 5 at 2 (Respondents conceding that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention")].

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Within **48 hours** of the entry of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 27, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released and indicating whether any additional proceedings in this matter are required.

DATED: October 20, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge